IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MOHAMMED ABDULLAH TAWFEEQ, | |
| Plaintiff, | CIVIL ACTION FILE |
| v. | NUMBER 1:17-cv-353-TCB |
| U.S. DEPARTMENT OF HOMELAND SECURITY, et al., | |
| Defendants. | |

## O R D E R

This case comes before the Court on Plaintiff's emergency motion to expedite proceedings [5]. Defendants have responded to the motion [20], and Plaintiff has filed a reply brief [21].

Defendants have announced that Executive Order 13769 does not apply to lawful permanent residents ("LPRs") such as Plaintiff. Although Plaintiff points out that statements to this effect are non-binding, Defendants are presently enjoined, on a nationwide basis, from enforcing the pertinent portions of that Executive Order. *See Washington v. Trump*, No. C17-0141JLR, 2017 WL 462040 (W.D. Wash.

Feb. 3, 2017), *denying emergency motion to stay enforcement of TRO pending appeal*, ___ F.3d ___, No. 17-35105, 2017 WL 526497 (9th Cir. Feb. 9, 2017). Furthermore, although Plaintiff's supervisor Deborah Rayner has submitted declaration testimony that Plaintiff's job duties "require him to travel internationally on both a regular and immediate basis," the only specific allegation of upcoming international travel is the assertion that Plaintiff will "likely" have to travel to Abu Dhabi "[w]ithin the next 90 days." [5-2] at ¶ 5.

Plaintiff, who is presently within the United States, has not shown that he has any immediate plans to leave the country, let alone return to it. But even if such plans were shown to exist, Defendants have neither the present intent nor the ability to enforce the Executive Order against Plaintiff. In sum, whatever uncertainties remain about Plaintiff's legal rights vis-à-vis Executive Order 13769—and the Court expresses no opinion at this juncture about the mootness arguments raised in Defendants' motion to dismiss [19]—they are not so imminent that it is necessary to expedite proceedings in this case.

Accordingly, the Court denies Plaintiff's motion to expedite [5] without prejudice to his right to file an amended motion based upon changed circumstances or facts not presently before the Court. However, the parties are advised that unconsented-to requests for extensions of time are unlikely to be granted so that this case will move toward a just and speedy resolution. *See* Fed. R. Civ. P. 1 (noting that the purpose of the Federal Rules of Civil Procedure is "to secure the just, speedy, and inexpensive determination of every action and proceeding").

IT IS SO ORDERED this 10th day of February, 2017.

_____
Timothy C. Batten, Sr.
United States District Judge